# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

SUBRANNI ZAUBER LLC
Willow Ridge Executive Office Park
750 Route 73 South, Suite 307B
Marlton, NJ 08053
(609) 347-7000; Fax: (609) 345-4545
By:    William P. Rubley, Esq.  WR4169
Attorneys for Plaintiff, Frances Haque

| | |
|---|---|
| In Re:<br><br>FRANCES HAQUE<br><br>Debtor | Case No.: 13-36691-ABA<br>Chapter 7 |
| FRANCES HAQUE<br><br>Plaintiff.<br><br>v.<br><br>SKYLINE CONDOMINIUM ASSOCIATION, THOMPSON REALTY COMPANY; CALLAGHAN THOMPSON & THOMPSON, PA and WILLIAM A THOMPSON, III, ESQUIRE<br><br>Defendant. | Adversary No.: |

## ADVERSARY COMPLAINT

Plaintiff, Frances Haque ("Plaintiff" or "Haque"), by and through her attorneys, Subranni Zauber LLC, by way of complaint against Defendants, Skyline Condominium Association ("Skyline"), Thompson Realty Company ("Thompson Realty"), Callaghan Thompson & Thompson, PA ("Callaghan") and William A. Thompson, III Esquire ("Mr. Thompson") says:

### THE PARTIES

1.    Haque is an individual domiciled in the State of New Jersey.

1

2. Skyline is a New Jersey condominium association located at 700 N. Franklin Blvd., Pleasantville, New Jersey.

3. Thompson Realty is a New Jersey domestic partnership located at 1613 Atlantic Avenue, Atlantic City, New Jersey.

4. Callaghan Thompson & Thompson, PA is a New Jersey Professional Association, located at 2428 Atlantic Avenue, Atlantic City, New Jersey. Callaghan is a law firm specializing in debt collection and bankruptcy.

5. Mr. Thompson is a New Jersey licensed attorney with a principal place of business located at 2428 Atlantic Avenue, Atlantic City, New Jersey. Mr. Thompson advertises himself and his law firm as bankruptcy attorneys. Upon information and belief, Mr. Thompson is a partner at Callaghan.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court pursuant to the provisions of §1334 and §157 of Title 28 of the United States Code in that this proceeding arises in and is related to the above captioned Chapter 7 case under Title 11 and concerns property of the Debtor/Plaintiff.

7. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

8. The statutory predicates for the relief sought herein are §§105 and 727 of Title 11 of the Unites States Code, as amended (the "Bankruptcy Code"), 15 U.S.C.A. §§1692 et seq., and Fed. R. Bank. P. 7001 *et seq.*

## FACTS

9. Plaintiff commenced her bankruptcy case on December 13, 2013, by filing a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code ("Petition").

2

10. In the Petition, the Plaintiff identified Skyline as a creditor and identified Mr. Thompson as counsel for Skyline. See Schedule D of the Plaintiff's Petition, attached as Exhibit A.

11. On September March 14, 2014, this Court entered a discharge order ("Discharge Order") releasing Plaintiff of personal liability of the debts filed in her bankruptcy case, including any and all pre-petition condominium assessments. A true and correct copy of the Discharge Order is attached as Exhibit B.

12. On March 19, 2014, this Court entered an Order discharging and relieving the Trustee, and closing the case as a no-asset case.

13. Subsequent to the entry of the Discharge Order, creditor, Skyline attempted to collect on alleged debt stemming from the pre-petition condominium assessments due Skyline by filing a complaint in the Superior Court of New Jersey, Atlantic County, bearing docket number DC-004115-14 ("First Action"). A true and correct copy of the Complaint in the First Action is attached as Exhibit C.

14. Upon learning of the Skyline's Complaint against Mrs. Haque, the law firm of Subranni Zauber, LLC, counsel for Mrs. Haque, sent Mr. Thompson a letter, dated July 11, 2014, and followed up with a phone call, advising him that the complaint was improper.

15. Having heard no response, Plaintiff's counsel sent a second letter to Mr. Thompson, Esquire advising him that the claim against Mrs. Haque was frivolous as it was without basis in law or fact and clearly was filed for an improper purpose, considering the claims included pre-petition debt that was discharged pursuant to the bankruptcy discharge order dated March 14, 2014. See Mr. Rubley's July 18, 2014 letter attached as Exhibit D.

3

16. Skyline failed to respond in a timely manner and failed to dismiss its Complaint against Mrs. Haque. So, on August 12, 2014, Plaintiff was forced to file a Motion to Dismiss Skyline's Complaint for failure to state a claim pursuant to R. 4:6-2(e) in the First Action.

17. Finally, on August 14, 2014, Mr. Thompson sent a letter to Plaintiff's counsel informing him that he received Mrs. Haque's Motion to Dismiss. In his letter, Mr. Thompson challenged Plaintiff's basis for the Motion to Dismiss and called Plaintiff's counsel's competence in the field of bankruptcy into question. Additionally, Mr. Thompson defended the merits of Skyline's claims against Mrs. Haque. Furthermore, he demanded that Mrs. Haque withdraw her Motion to Dismiss Skyline's Complaint, otherwise he would file opposition to the Motion and seek sanctions for the "clearly frivolous filing." See Mr. Thompson's August 14, 2014 letter attached as Exhibit E.

18. Attached to Mr. Thompson's August 14th letter was another letter addressed to Plaintiff's Counsel, wherein Mr. Thompson again criticized Plaintiff's counsel for filing the Motion to Dismiss on behalf of Mrs. Haque without a basis for doing so. Once again, Mr. Thompson reaffirmed the legitimacy of Skyline's claims against Mrs. Haque, as pled in the Complaint. See Mr. Thompson's August 15, 2014 letter attached as Exhibit F.

19. Apparently Mt. Thompson saw the error in his ways and on August 18, 2014, Mr. Thompson sent a letter to Plaintiff's counsel apologizing for filing the frivolous Complaint against Mrs. Haque on behalf of Skyline, and advising Plaintiff's counsel that he would be submitting a Stipulation of Dismissal. See Mr. Thompson, Esquire's August 18, 2014 letter attached as Exhibit G. By Stipulation, the First Action was then dismissed.

## **THE SECOND ACTION**

20. Inexplicably, even after having acknowledged that the pre-petition condominium assessments were discharged in the Plaintiff's Bankruptcy, Skyline, through its counsel Mr. Thompson and Callaghan, filed a second complaint in the Superior Court of New Jersey, Atlantic County bearing docket number DC-004405-16 ("Second Action") once again seeking the entry of a judgment for pre-petition condominium fees. A true and correct copy of the complaint in the Second Action is attached as Exhibit H.

21. The pre-petition condominium assessments are identified as "Previous Balance" on Schedule A, attached to the complaint in the Second Action.

22. The Plaintiff was once again forced to retain counsel and file an answer to the Second Action. Upon filing of the Answer, Skyline, Callaghan, and Mr. Thompson responded by filing a Motion for Summary Judgment ("Motion") in the Second Action. What's remarkable about the Motion is that in the brief in support of the Motion, Mr. Thompson concludes, without any reference to any legal authority:

> The defendant also makes reference to a bankruptcy that has been filed. Condominium fees are a secured debt under the governing documents and New Jersey law, therefore are not discharged in bankruptcy.

See Exhibit I.

23. Mr. Thompson knows this legal conclusion is incorrect and in direct contradiction to 11 U.S.C. §523, which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual Plaintiff from any debt--
> - - -
> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the Plaintiff's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the Plaintiff or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, <u>but nothing</u>

5

<u>in this paragraph shall except from discharge the debt of a Plaintiff for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case;</u>

11 U.S.C.A. § 523 (emphasis added).

24.  In fact, by letter dated August 18, 2014 Mr. Thompson acknowledged that the Plaintiff was correct and that personal liability on pre-petition condominium fees were discharged. Notwithstanding his prior admission, in the Second Action, Mr. Thompson claims the pre-petition condominium fees were not discharged.

## COUNT ONE
## INJUNCTIVE RELIEF, 11 U.S.C. §524
### Skyline Condominium Association

25.  Plaintiff repeats and realleges paragraphs one (1) through twenty four (24) as if fully set forth at length herein.

26.  A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the Plaintiff...." 11 U.S.C. § 524.

27.  Any and all personal liability of the Plaintiff for any pre-petition condominium assessments were discharged pursuant to 11 U.S.C. §523.

28.  Defendant, Skyline, continues to attempt to collect on pre-petition condominium assessments by filing multiple lawsuits in the Superior Court of New Jersey.

29.  As a result of the filing of the multiple lawsuits, Plaintiff is forced to incur unnecessary attorneys' fees and costs responding to the lawsuits.

30.  Defendant refuses to acknowledge that the pre-petition condominium assessments were discharged under 11 U.S.C. § 524.

6

WHEREFORE, Plaintiff demands Judgment against Skyline Condominium Association as follows:

A. For entry of an Order declaring that any and all pre-petition condominium assessments and other charges were discharged;

B. For entry of an Order enjoining any further lawsuits or other attempts by Skyline to hold Plaintiff personally liable for pre-petition condominium assessments and other charges;

C. For reasonable attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and equitable.

### COUNT TWO
### SANCTIONS FOR VIOLATIONS OF THE DISCHARGE ORDER
### Skyline Condominium Association, Thompson Realty Co., Callaghan Thompson & Thompson, and William A. Thompson, III

31. Plaintiff repeats and realleges paragraphs one (1) through thirty (30) as if fully set forth at length herein.

32. Defendant, Skyline, was listed as a creditor on the Plaintiff's Petition and was aware of the pending bankruptcy.

33. Defendant, Thompson Realty, was also aware of the Plaintiff's Petition and was aware of the pending bankruptcy.

34. Defendants, Mr. Thompson and Callaghan, were also listed on the Petition for purposes of receiving notice and were therefore aware of the pending bankruptcy.

35. Defendants, Skyline, Thompson Realty, Callaghan, and Mr. Thompson, were all aware that the Plaintiff received her discharge on March 4, 2014.

36. The Discharge Order was valid.

7

37. By filing the First Action and the Second Action, Defendants Skyline, Thompson Realty, Callaghan, and Mr. Thompson deliberately disobeyed the Discharge Order.

38. As a result of the Defendants' actions, the Plaintiff has been harmed. The Plaintiff has suffered from emotional distress and she has incurred unnecessary attorneys' fees and costs defending the First Action and the Second Action.

WHEREFORE, Plaintiff demands Judgment against Skyline Condominium Association, Thompson Realty Co., Callaghan Thompson & Thompson, PA and William A. Thompson, III for actual damages, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and equitable.

**COUNT THREE**
**Fair Debt Collection Practices Act (15 U.S.C.A. §§1692 et seq.)**
**Thompson Realty Co., Callaghan Thompson & Thompson, PA ,**
**and William A. Thompson, III**

39. Plaintiff repeats and realleges paragraphs one (1) through thirty eight (38) as if fully set forth at length herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C.A. §1692a(3).

41. Defendant Skyline is a "creditor" as defined by 15 U.S.C.A. §1692a(4).

42. Condominium assessments owed by Plaintiff to Skyline are a "debt" as defined by 15 U.S.C.A. §1692a(5).

43. Defendant Thompson Realty is a "debt collector" as defined by 15 U.S.C.A. §1692a(6).

44. Defendant Mr. Thompson is a "debt collector" as defined by 15 U.S.C.A. §1692a(6).

45. Defendant, Callaghan, is a "debt collector" as defined by 15 U.S.C.A. §1692a(6).

46. Defendants, Thompson Realty, Callaghan, and Mr. Thompson used false, deceptive and misleading representations in connection with the collection of the debt in violation of 15

8

U.S.C.A. §1692e.

47. Specifically, to the extent that any alleged amounts due as claimed by Thompson Realty, Callaghan, and Mr. Thompson predate the Discharge Order, then the representations as to the legal status of the debt were false or misleading. The statements contained in the First Action and Second Action constitute "false representation of . . . the character, amount or legal status of [the] debt" §1692e(2). Each such communication from Thompson Realty, Callaghan, and Mr. Thompson is a violation of 15 U.S.C.A. §1692e(2)(A).

48. Thompson Realty, Callaghan, and Mr. Thompson's conduct as noted above constitute unfair and unconscionable means to collect or attempt to collect the debt. Furthermore, the Defendants attempts to collect late fees and attorney or collection fees that are not legally or contractually owed by Plaintiff constitute further unfair and unconscionable means to collect or attempt to collect the debt. Thompson Realty, Callaghan, and Mr. Thompson's conduct violates 15 U.S.C.A. §1692f for each and every attempt to collect the debt.

WHEREFORE, Plaintiff demand judgment against Thompson Realty Co., Callaghan Thompson & Thompson and William A. Thompson, III for actual damages in an amount to be determined at the time of trial; additional damages of up to $1,000.00 per violation of the Fair Debt Collection Practices Act as provided by 15 U.S.C.A. §1692k(a)(2)(A); reasonable attorneys' fees and costs as provided by 15 U.S.C.A. §1692k(a)(3); and such other and further relief as this Honorable Court deems equitable and just.

SUBRANNI ZAUBER LLC

Dated: January 26, 2017

/s/ William P. Rubley
William P. Rubley
wrubley@subranni.com
*Attorney for Plaintiff, Frances Haque*

9